UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| KING MICHAEL TUTANKHAMAN,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD F. BOULWARE II,<br><br>Defendant. | Case No. 2:22-cv-01462-CDS-EJY<br><br>**REPORT AND RECOMMENDATION**<br><br>RE: ECF Nos. 1, 1-1 |

This matter comes before the Court on Plaintiff's application to proceed *in forma pauperis* and civil rights complaint. ECF Nos. 1, 1-1. After review of Plaintiff's Complaint, the Court chooses to exercise its authority to *sua sponte* recommend dismissal because Plaintiff "cannot possibly win relief." *Sparling v. Hoffman Constr. Co.*, 864 F.2d 635, 638 (9th Cir. 1988).

A complaint may be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may also be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint, the plaintiff should be given leave to amend with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies cannot be cured by amendment. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

A review of Plaintiff's Complaint demonstrates he cannot state a claim against U.S. District Judge Richard F. Boulware because Judge Boulware is immune from suit irrespective of the statute under which Plaintiff seeks to proceed. That is, case law establishes federal judges have absolute immunity from suit. *Mullis v. U.S. Bankruptcy Court*, 828 F.2d 1385, 1394 (9th Cir. 1987), *cert.*

*denied*, 486 U.S. 1040 (1988).  This is true whether the claim is asserted under 42 U.S.C. § 1983, as a *Bivens* claim or under §§ 1985 and 1986.  *See, e.g.*, *Agnew v. Moody*, 330 F.2d 868, 869 (9th Cir. 1964) (in a case involving claims brought under §§ 1983 or 1985 and 1986, "[w]e have repeatedly held that judges … are immune from suit under the Civil Rights Act for conduct in the performance of their official duties"); *Simonsen v. Board of Educ.*, Case No. 01 C 3081, 2002 WL 230777, at *9 n.21 (N.D. Ill. Feb. 14, 2002) (circuit courts have developed "immunity jurisprudence largely within the context of § 1983 claims" as well as "under the other Reconstruction Statutes …."); *Dobard v. City of Oakland*, Case No. C-96-3373 MHP, 1997 WL 252093, at *8 n.9 (N.D. Cal Apr. 30, 1997) (declining to address the statute-of-limitations issue for §§ 1983 and 1985 claims based on the "finding that the court lacks subject matter jurisdiction over this cause of action, and that the Judges are entitled to judicial immunity for the acts described in the complaint"); *Van Sickle v. Holloway*, 791 F.2d 1431, 1435 (10th Cir. 1986) (stating that whether the allegations against the federal judge was "considered under a *Bivens* … or [as] a conspiracy [claim, they] are considered a violation of 42 U.S.C. § 1985, [and] such judges are absolutely immune from liability").[1]  Further, federal law does not permit private citizens to bring criminal prosecutions.  *Kidwell v. California Dep't. of Corrections and Rehabilitation*, Case No. 1:22-cv-00253-JLT-EPG (PC), 2022 WL 2307872, at *2 (E.D. Cal. June 27, 2022).  Thus, irrespective of the legal theory Plaintiff seeks to employ in an effort to sue Judge Boulware, his claims fail as a matter of law.

Accordingly, IT IS HEREBY RECOMMENDED that Plaintiff's *in forma pauperis* application (ECF No. 1), which is complete, is nonetheless denied as moot.

---

[1] Section 1983 provides recourse only for the actions of persons acting under color of state law, not federal law, although the law violated must be federal.  *See District of Columbia v. Carter*, 409 U.S. 418, 424-25 (1973).  Congress enacted § 1983 as a mechanism to hold state officials accountable in federal court.  *Id.* at 427-28.  Section 1983 is not the proper mechanism to sue federal officials.  *Id.*  Instead, a *Bivens* action allows plaintiffs to sue federal officials for violations of certain constitutional rights.  *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971).  42 U.S.C. § 1986 "authorizes a remedy against state actors who have negligently failed to prevent a conspiracy that would be actionable under § 1985."  *Cerrato v. San Francisco Community College Distr.*, 26 F.3d 968, 971 n.7 (9th Cir. 1994).  A violation of § 1986 depends on the presence of a valid conspiracy claim under § 1985(3).  To properly allege a conspiracy under 42 U.S.C. § 1985(3), a plaintiff must assert four elements: (1) a conspiracy; (2) the purpose of depriving, either directly or indirectly any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; and (4) the plaintiff is injured in his person or property or deprived of any right or privilege of a citizen of the United States.  *United Broth. Of Carpenters and Joiners of America, Local 610, AFL-CIO v. Scott*, 463 U.S. 825, 828-29 (1983).

1   IT IS FURTHER RECOMMENDED that, based on the foregoing and in light of the above

2   Plaintiff's Complaint (ECF No. 1-1) be dismissed with prejudice.

4   Dated this 19th day of September, 2022

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE

### NOTICE

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).